IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHASHI BARNIA, DDS, and AAA DENTAL PC | : : : : |
| Plaintiffs, | : : |
| v. | : Civil Action No. |
| | : : |
| AMANDEEP KAUR, DDS, TEJPREET SINGH, MD AND AMANDEEP KAUR DDS, P.C., | : : : : |
| Defendants. | : : : |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendants Amandeep Kaur, DDS; Tejpreet Singh, MD; and Amandeep Kaur, D.D.S. P.C. [1] (collectively, "Defendants"), by and through their undersigned counsel, hereby give notice of the removal of this action from the Superior Court of the Commonwealth of Massachusetts, Norfolk County (the "Superior Court"), where it is currently pending, to the United States District Court for the District of Massachusetts. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties hereto and the amount in controversy exceeds $75,000, excluding interest and costs. As grounds for removal, Defendants state as follows:

---

[1] The above Defendant's exact name is stated herein and not as stated in the State Court Action (as such term is defined in Section 1 hereof).

## BACKGROUND AND GENERAL REQUIREMENTS

1. <u>State Court Action</u>: On January 10, 2022, plaintiffs Shashi Barnia, DDS and AAA Dental, PC ("<u>Plaintiffs</u>") commenced a civil action in the Superior Court entitled, *Barnia, et al. v. Kaur, et al.*, Civil Action No. 2282-cv-00025 (the "<u>State Court Action</u>").

2. <u>Original Jurisdiction</u>: Removal of the State Court Action to this Court is governed by 28 U.S.C. § 1441, which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

3. <u>Copies of Process/Pleadings</u>: Pursuant to 28 U.S.C. § 1446(a), a copy of all process and pleadings received by Defendants, including the Complaint (the "<u>Complaint</u>"), are attached hereto as **Exhibit A**.

4. <u>Venue</u>: Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), the United States District Court for the District of Massachusetts is the proper venue because the Superior Court, where the State Court Action is currently pending, is located within the District of Massachusetts.

5. <u>Timeliness</u>: On January 11, 2022, Defendants, through their undersigned counsel, accepted service of the Complaint and Summons. Pursuant to 28 U.S.C. § 1446(b), Defendants are therefore timely filing this Notice of Removal within 30 days of its receipt of the initial pleading setting forth the claim for relief on which the State Court Action is based, *i.e.*, within 30 days of January 11, 2022.

6. <u>Notification to State Court and Adverse Parties</u>: Pursuant to 28 U.S.C. § 1446(d), promptly after the filing of this Notice of Removal, Defendants shall provide written notice of the

Notice of Removal to Plaintiffs and file a copy of the Notice of Removal with the Clerk of the Superior Court.

7. <u>Certified Copies</u>: Pursuant to Local Rule 81.1, certified or attested-to copies of all records and proceedings, as well as all docket entries in the State Court Action, will be filed with this Court.

8. <u>Reservation of Rights</u>: By filing this Notice of Removal, Defendants do not waive any defenses and/or objections and specifically reserve the right to assert any and all defenses and/or objections to which one or more of them may be entitled.

9. <u>Amount in Controversy</u>: Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"  *See* 28 U.S.C. § 1332(a)(1).

10. <u>Party Bearing Burden</u>: The party seeking to invoke federal diversity jurisdiction bears the burden of demonstrating that the complete diversity and amount in controversy requirements are met at the time of removal.  *See In re Fresenius Granuflo/Naturalyte Dialysate Products Liab. Litig.*, 76 F. Supp. 3d 321, 327 (D. Mass. 2015) ("As the removing parties, Defendants bear the burden of establishing federal jurisdiction."); *Youtsey v. Avibank Mfg., Inc.*, 734 F. Supp. 2d 230, 238 (D. Mass. 2010) (same).  The party seeking removal meets this burden by supporting its allegations of jurisdiction with "competent proof," *i.e.*, "proof to a reasonable probability that jurisdiction exists."  *Aponte v. Tabares*, No. 96-1903, 1997 WL 235473, at *1 (1st Cir. May 8, 1997).

## DIVERSITY OF CITIZENSHIP

11. Plaintiff Shashi Barnia resides in Needham, Massachusetts.  *See* Compl., ¶ 4.

12. Plaintiff AAA Dental PC is a Massachusetts Professional Corporation with a principal place of business in Needham, Massachusetts. *See* Compl., ¶ 5.

13. Defendant Dr. Aandeep Kaur is a citizen of New York. *See* Compl., ¶ 6.

14. Defendant Dr. TejPretty Singh is a citizen of New York. See Compl., ¶ 7.

15. The Complaint alleges that Defendant Amandeep Kaur, D.D.S. P.C. is a New York Professional Corporation; however, the Complaint does not allege the location of the professional corporation's principal place of business. Instead, the Complaint indicates that Amandeep Kaur, D.D.S. P.C. operates two practices in Massachusetts: one in Webster, Massachusetts ("Webster Smiles") and one in Palmer, Massachusetts ("Palmer Dental"). *See* Compl., ¶ 8.

16. At all relevant times, the principal place of business for Amandeep Kaur, D.D.S. P.C. has been in the State of New York, which is where the "corporation's officers direct, control, and coordinate the corporation's activities," otherwise referred to as the corporation's "nerve center." *See Alternative Productions, Inc. v. Proctor & Gamble Co., Inc.*, 2012 WL 4593602, at *2 (D. Mass. Sept. 28, 2012) (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010)). Dr. Amandeep Kaur is the sole corporate officer and director of Amandeep Kaur DDS, P.C., and she controls the corporation's activities from New York. Because a corporation is deemed a citizen "of the state in which it is incorporated and of the state in which it has its principal place of business" (i*d*. at *1), Defendant Amandeep Kaur, D.D.S. P.C., is a citizen of New York.

17. Accordingly, complete diversity of citizenship exists between the parties pursuant to 28 U.S.C. § 1332(a) because Plaintiffs and Defendants are not citizens of the same state.

**MATTER IN CONTROVERSY**

18. The amount in controversy based on the allegations in the Complaint exceeds $75,000. *See Composite Co. v. American International Group, Inc.*, 988 F. Supp. 2d 61, 74 (D. Mass. 2013) ("Defendants can satisfy their burden by relying on the face of the complaint in the underlying case, by alleging facts in its notice of removal to support its amount in controversy allegation, or by submitting summary judgment type evidence.") (internal quotation marks and citation omitted).

19. Here, the Complaint requests relief in the form of an order "requiring Amandeep Kaur DDS, P.C. [sic], to convey the assets of Webster Smiles and Palmer Dental to AAA Dental PC for the sum of $700,000. *See* Compl., at Prayer for Relief.

20. The amount in controversy of $75,000 is further met by Plaintiffs' allegation that they are entitled to an award of treble damages and attorneys' fees.

**CONCLUSION**

21. The State Court Action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441, because it is a civil action between citizens of different states wherein the amount in controversy exceeds $75,000, exclusive of interests and costs.

WHEREFORE, Defendants hereby remove the State Court Action to this Court. If any questions arise as to the propriety of the removal of the State Court Action, Defendants request the opportunity to present additional evidence, briefing, and/or oral argument.

Dated: February 10, 2022               Respectfully submitted,

                                       GREENBERG TRAURIG, LLP


                                       /s/ *Gary Greenberg*
                                       Gary Greenberg (BBO # 209420)
                                       Joseph P. Davis III (BBO # 551111)
                                       Kelly M. Pesce (BBO # 689887)
                                       One International Place, Suite 2000
                                       Boston, Massachusetts 02110
                                       Tel: (617) 310-6000
                                       Fax: (617) 310-6001
                                       E-mail: greenbergg@gtlaw.com
                                               davisjo@gtlaw.com
                                               pescek@gtlaw.com

                                       *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent to all those non-registered participants on February 10, 2022.

                                                                              /s/ *Kelly M. Pesce*