RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                    SUPERIOR COURT DEPARTMENT
                                                OF THE TRIAL COURT

| | |
|---|---|
| SHASHI BARNIA, DDS and <br> AAA DENTAL PC, <br><br> Plaintiffs, <br><br> v. <br><br> AMANDEEP KAUR, DDS, TEJPREET SINGH, <br> MD and AMANDEEP KAUR DDS, P.C., <br><br> Defendant. | CIVIL ACTION NO. 2282CV00025 |

## COMPLAINT AND JURY DEMAND

### Introduction

1. By and through this action, Dr. Shashi Barnia ("Dr. Barnia") and his Professional Corporation, AAA Dental PC, seek substantial damages from Amandeep Kaur, DDS ("Dr. Kaur"), Tejpreet Singh, MD ("Dr. Singh") and Amandeep Kaur DDS, PC arising from the Defendants' knowing, intentional and fraudulent misconduct. As discussed below, Dr. Kaur exploited her close familiar relationship with Dr. Barnia to lure him from Texas to establish, develop and operate two dental practices in Massachusetts. Dr. Kaur did so on the basis of an express promise that Dr. Barnia would be paid a performance bonus tied to the profits of the dental practices. Despite building two highly successful and profitable dental practices, Dr. Kaur failed and refused to tender any sums due and owing to Dr. Barnia and has even deprived him of the documentation necessary to perform such a calculation.

2. Worse still, in or around the fall of 2021, the parties reached an agreement through which the assets of the two dental practices would be conveyed to Dr. Barnia's newly

formed professional corporation (AAA Dental PC) for the sum of $700,000. After reaching agreement, the parties partially performed thereunder through which for months AAA Dental PC paid all of the dental practices' expenses and likewise received the practices' corresponding revenues. Apparently coming to believe that the agreed upon purchase price was not enough, the Defendants engaged in a series of bad faith activities designed to destroy Dr. Barnia and his professional reputation. These actions included, but were not limited to, seeking to extort additional monies from Dr. Barnia, threatening to see to it that Dr. Barnia was deported, engaging in a campaign of defamation, making false reports to the police and even sending strangers to Dr. Barnia's place of work in an attempt to intimidate him into leaving the country and abandon his legal claims.

3. For this, the Plaintiffs are entitled to significant damages, including multiple damages and attorneys fees, a judicial accounting which would permit Dr. Barnia to calculate the amount due and payable to him in management bonuses as well as an order of specific performance compelling Amandeep Kaur DDS, P.C. to convey the assets of the two dental practices to AAA Dental PC for the sum of $700,000 as agreed.

**Parties**

4. Shashi Barnia, DDS ("Dr. Barnia") is an individual who resides at 40 Hillside Avenue, Needham, MA 02494. Dr. Barnia is a licensed dentist in the Commonwealth of Massachusetts.

5. AAA Dental PC is a Massachusetts professional corporation with a principal place of business located at 40 Hillside Avenue, Needham, MA 02494. AAA Dental PC was formed on June 25, 2021.

6. Amandeep Kaur, DDS ("Dr. Kaur") is an individual who resides at 327 Clearview Court, Massapequa, NY 11758. Dr. Kaur practices as a periodontist in Massapequa, NY and is married to TejPreet Singh.

7. TejPreet Singh, MD ("Dr. Singh") is an individual who resides at 327 Clearview Court, Massapequa, NY 11758. Dr. Singh practices medicine in Massapequa, New York as a neurosurgeon and is married to Dr. Kaur.

8. Amandeep Kaur DDS, P.C. is a New York professional corporation which operates two dental practices. Webster Smiles is located at 70 Worcester Road in Webster, MA and Palmer Dental is located at 1045 Thorndike Street, Palmer, MA 01069.

**Facts**

9. Dr. Barnia graduated from Boston University's School of Dental Medicine in 2010 and began his professional career working in Massachusetts. Dr. Barnia's first job out of dental school was in Worcester, Massachusetts, where he worked from 2010 to 2012.

10. In the 2012-2013 time period, Dr. Barnia came to observe that Texas was among the fastest growing populations in the United States. Having an entrepreneurial mindset, Dr. Barnia believed that opening a dental practice in Texas would provide him with a significant opportunity to serve this growing community and develop a large and successful practice. Although he had no family in the Texas area, Dr. Barnia sought to capitalize on the business opportunity and relocated to Texas in 2013.

11. While in Texas, Dr. Barnia developed a successful and growing dentistry practice. Dr. Kaur and Dr. Singh both visited Dr. Barnia in Texas after he and his wife suffered a personal tragedy.

12. During the visit, Dr. Kaur asked Dr. Barnia to return to Massachusetts for the purpose of working and managing a dental practice Dr. Kaur intended to open. Dr. Kaur lived in New York and had a successful dental practice of her own. She could not leave New York to establish and develop a new business and required someone competent to do so on her behalf.

13. Dr. Barnia was reluctant to abandon his developing dental practice in Texas but was persuaded to return to Massachusetts after Dr. Kaur expressly promised Dr. Barnia that in addition to earning compensation based upon the performance of his personal dental practice, he would receive an annual management bonus equal to 50% of the practice's profits.

14. In direct reliance on Dr. Kaur's promises and commitments, Dr. Barnia uprooted his life, left his Texas dental practice and moved back to Boston. Due to the extremely close familial relationship between Dr. Kaur, Dr. Singh and Dr. Barnia, Dr. Barnia trusted Dr. Kaur when she said that there was no need to memorialize the parties' agreement in writing.

15. After moving back to Massachusetts, Dr. Kaur asked Dr. Barnia to investigate a site for the new dental practice. Dr. Barnia complied. Dr. Kaur was based in New York and had no familiarity or knowledge of the Massachusetts dental market and where to successfully site a dental practice. Where Dr. Barnia had previously worked in the Worcester, Massachusetts area, he observed that many patients from the Worcester suburbs (especially from Webster, Massachusetts) would travel to Worcester to be seen by a dentist. Dr. Barnia recognized an apparent gap in quality dentists in the Worcester suburbs and saw a potential business opportunity. He thus proposed to Dr. Kaur that the new dental office be located in the Worcester suburbs of Webster, Massachusetts.

16. Dr. Barnia was involved in and led all aspects necessary to launch the new business. On the other hand, Dr. Kaur and Dr. Singh did little or nothing. Dr. Barnia was

4

involved in the construction of the dental practice, the ordering of equipment and supplies, hiring dentists and staff to support the practice and undertaking the other activities necessary to launch the practice.

17. Due to Dr. Barnia's efforts, the dental practice, called Webster Smiles, opened in the 2014 time period through Dr. Amandeep Kaur DDS, P.C. As a startup business, Dr. Barnia was compelled to manage the day-to-day operations and market the practice to the public. Dr. Kaur and Dr. Singh had virtually no involvement in the launch or the day to day running of the practice.

18. Very quickly, and exclusively due to Dr. Barnia's hard work, the business became successful. In fact, the $450,000 loan Dr. Kaur obtained to start the dental practice was fully paid back exclusively using Webster Smiles' profits. When Dr. Barnia would raise with Dr. Kaur the profitability of the practice and when he would be paid his management bonus, Dr. Kaur would report that although the practice was performing well and generating revenue, it was not yet profitable. Dr. Barnia relied to his detriment on these statements.

19. In 2017, Dr. Kaur asked that Dr. Barnia lead the effort necessary to open a second dental practice. Having successfully sited a dental practice in Webster, Dr. Barnia began looking for a new underserved location on the outskirts of Worcester. After careful consideration, Dr. Barnia identified and proposed to Dr. Kaur that the second dental practice be located in Palmer, Massachusetts. The second dental practice was opened under Dr. Amandeep Kaur DDS, P.C., this one called Palmer Dental. Again, Dr. Kaur promised to share with Dr. Barnia 50% of the business profit from the second dental practice in the form of an annual bonus.

20. In reliance on Dr. Kaur's promises and commitments, Dr. Barnia again managed all aspects of the development of the business from site selection to construction management to

marketing, to human resources and recruitment of physicians. Again Dr. Kaur and Dr. Singh did little or nothing to launch, operate or promote the Palmer dental practice. As with Webster Smiles, the Palmer dental practice became successful very quickly, due to Dr. Barnia's efforts.

21. By 2021, both dental practices were well established producing approximately $2.5M annually in revenue. Despite this, Amandeep Kaur DDS, PC failed to provide an accounting of the practice's profits and failed to pay Dr. Barnia his promised bonus.

22. Evidencing the complete lack of involvement by either Dr. Kaur nor Dr. Singh in the business operations, neither visited either the Webster or Palmer dental offices more than five times in the last seven years. Until very recently, no staff member would have been able to recognize either of Dr. Kaur and Dr. Singh by sight. Dr. Barnia was the sole decision maker for the business and, with Dr. Kaur and Dr. Singh's express authorization, was the authorized signatory for all business matters including but not limited to credentialing documents and leases.

23. In this regard, it is undisputed that Dr. Kaur and Dr. Singh would regularly mail to Dr. Barnia one hundred signed checks for Dr. Barnia to use to pay practice bills. Not once did Dr. Barnia misuse a single penny of practice money.

24. In 2021, Dr. Barnia turned 40. He had grown tired of the long hours he was working and came to believe that Dr. Kaur would never honor the financial commitments which had induced Dr. Barnia to leave Texas and open, operate and manage both dental practices in Massachusetts for several years. Upon information and belief, Dr. Kaur and Dr. Singh were siphoning away practice profits to fund their lavish lifestyle including purchasing a boat and renovating their home.

25. Dr. Barnia approached Dr. Kaur and Dr. Singh about his concerns and the lack of payment of the promised management bonus. In response, Dr. Kaur and Dr. Singh raised the possibility of Dr. Barnia purchasing the two dental practices. Dr. Singh said that he and Dr. Kaur lived in New York and could not manage the Massachusetts practices. After further discussion, both Dr. Singh and Dr. Kaur confirmed a willingness to transfer the assets of Amandeep Kaur DDS, PC to Dr. Barnia for the sum of $700,000. (During their discussions, the parties actually agreed to a purchase price of $660,000 but in an effort to be generous, Dr. Barnia increased the figure to $700,000 when he tendered the proposed written agreement).

26. In reliance upon the parties' agreement, Dr. Barnia formed a Massachusetts corporation, AAA Dental PC, to take title to the assets of Webster Smiles and Palmer Dental. Dr. Barnia took other action in aid of the parties' express agreement, including interfacing with insurance companies.

27. Indeed, based upon the parties' express agreement, for many months the parties actually performed pursuant to the agreement. AAA Dental PC paid all of the expenses of the dental practices and received directly all of the corresponding revenue and proceeds from insurance company payors. Dr. Kaur and Dr. Singh were well aware of this fact and approved this arrangement.

28. Thereafter, and due in large part to the restrictions on Dr. Barnia's Visa (which precluded him from owning and operating the same business), Dr. Barnia accepted a new job at a new dental practice so he could both own the two dental practices while continuing to serve the the community as a practicing dentist.

29. To memorialize the parties' express agreement (which the parties actually performed under), Dr. Barnia created a simple Purchase & Sale Agreement after downloading a

form from the Internet and forwarded the proposed Agreement to Dr. Singh reflecting the $700,000 purchase price.

30.     Dr. Singh acknowledged over a recorded voicemail that the price reflected in the agreement was acceptable but claimed that he wanted to review the non-monetary terms with an attorney and/or accountant.

31.     Thereafter, and in bad faith, Dr. Singh sought to unilaterally change the agreed upon sale price to $988,500. Dr. Barnia objected to the after-the-fact change, pointing out to Dr. Singh that the purchase price had been agreed upon at $700,000 and that neither Dr. Kaur nor Dr. Singh had done anything which would entitle Dr. Kaur to an additional approximately $300,000 in sale proceeds. Dr. Barnia confirmed that neither Dr. Kaur nor Dr. Singh had spent a single penny in out-of-pocket money to establish the business, that neither had contributed any sweat equity to the business and that the business' success was due to Dr. Barnia's dedication and efforts.

32.     . During a Facetime call on October 27, 2021, Dr. Singh insisted that Dr. Barnia pay the outrageous and unagreed sum of $988,000 for both practices. Dr. Singh then turned to threatening Dr. Barnia. He stated that while he was a US citizen, Dr. Barnia was not. He baselessly threatened Dr. Barnia with immigration consequences if he did not pay the additional sum. Dr. Singh took his threats to another level by making clear that if Dr. Barnia did not give into his extortionate demands, both Dr. Kaur and Dr. Singh would go to the police and raise baseless, fabricated and invented charges in the hopes of having Dr. Barnia criminally prosecuted (and then deported).

33.     Frightened by the outrageous threats, Dr. Barnia gave into these extortionate demands and agreed to pay the sum of $988,000 for the two dental practice. Dr. Barnia

requested 6-8 months to raise the money. Dr. Singh said no, that the money had to be paid immediately. Dr. Barnia said he would have to sell his house in order to come up with the $988,000. Dr. Singh told Dr. Barnia not to sell his house and that payment instead must be made in four to six weeks.

34. Dr. Kaur and Dr. Singh took their illegal misconduct further by traveling to Massachusetts on November 4, 2020. Both falsely informed representatives of the Palmer Dental that Dr. Barnia had been "fired." They then changed the locks in the Palmer office and forwarded text messages to others making defamatory and false claims about Dr. Barnia including that he had been "fired," that Dr. Barnia had engaged in insurance fraud, that Dr. Barnia had forged Dr. Kaur's signature. All of these facts were false and knowingly so. With regard to allegations of "forgery," Dr. Barnia's actions in executing documents on Dr. Kaur's behalf were undertaken at her direction and with her express approval and consent as evidenced by the fact that Dr. Kaur contemporaneously received and relied upon these documents to her benefit.

35. Dr. Kaur and Dr. Singh also visited the Palmer Police Station and provided fictitious, fabricated and false information to the police in the hopes of having Dr. Barnia prosecuted (and deported) and in the hopes that such activities would preclude or prevent Dr. Barnia from pursuing legal claims against them.

36. On or about November 4, 2021, Dr. Kaur and Dr. Singh arranged for a gentleman (driving with New York license plates) to come to Dr. Barnia's place of business in Northbridge, Massachusetts. This individual was expressly sent to Dr. Barnia's office by Dr. Kaur and Dr. Singh for the purpose of trying to intimidate, scare and inflict emotional distress upon him.

## COUNT I
### Breach of Contract
### (Dr. Barnia v. Amandeep Kaur DDS, P.C. and Dr. Kaur)

37. Plaintiffs incorporate by reference the allegations set forth above as if fully set forth herein.

38. Dr. Barnia, on one hand, and Amandeep Kaur DDS, P.C. and Dr. Kaur, on the other, are parties to an agreement whereby Dr. Barnia was to receive an annual management bonus equal to 50% of the practice's profits from Palmer and Webster Dental Practice.

39. Despite performing pursuant to this agreement, Amandeep Kaur DDS, P.C. and Dr. Kaur have failed and refused to comply and tender payment. They have likewise failed and refused to provide financial records sufficient to calculate the sum due and payable.

40. Amandeep Kaur DDS, P.C. and Dr. Kaur's contractual breach has caused, and continues to cause, damage.

## COUNT II
### Massachusetts Wage Act – G.L. c. 149, § 148
### (Dr. Barnia v. Amandeep Kaur DDS, P.C. and Dr. Kaur)

41. Plaintiffs incorporate by reference the allegations set forth above as if fully set forth herein.

42. Under G.L. c. 149, § 148, Amandeep Kaur DDS, P.C. and Dr. Kaur had an obligation to pay Dr. Barnia his earned wages that were definitely determined and due and payable to him.

43. Amandeep Kaur DDS, P.C. and Dr. Kaur violated G.L. c. 149 § 148 by failing to pay Dr. Barnia his earned wages, which were definitely determined, due and payable.

44. As a result of Amandeep Kaur DDS, P.C. and Dr. Kaur's violations of Massachusetts Wage Act, Dr. Barnia has suffered damages, and he is entitled to, *inter alia*, treble damages, reasonable attorneys' fees, other costs of this litigation, and statutory interest.

### COUNT III
#### Quantum Meriut/Unjust Enrichment
#### (Dr. Barnia v. Amandeep Kaur DDS, P.C. and Dr. Kaur)

45. Plaintiffs incorporate by reference the allegations set forth above as if fully set forth herein.

46. Dr. Barnia provided extensive services to Amandeep Kaur DDS, P.C. and Dr. Kaur. The services included identifying, establishing, launching, promoting, managing and operating Amandeep Kaur DDS, P.C.'s dental practices in Palmer and Webster, Massachusetts.

47. These service provided significant value to Amandeep Kaur DDS, P.C. and Dr. Kaur.

48. Amandeep Kaur DDS, P.C. and Dr. Kaur knew that these services were being provided to them and that Dr. Barnia had a reasonable expectation of being compensated for the provision of these services.

49. Dr. Barnia has not been compensated for the services he provided and has suffered damages as a result of this failings by Amandeep Kaur DDS, P.C. and Dr. Kaur.

50. Amandeep Kaur DDS, P.C. and Dr. Kaur have been unjustly enriched at Dr. Barnia's expense.

51. Dr. Barnia is entitled to the value of the services he rendered to Amandeep Kaur DDS, P.C. and Dr. Kaur arising from his identifying, establishing, launching, promoting, managing and operating Amandeep Kaur DDS, P.C.'s dental practices in Palmer and Webster, Massachusetts.

52. Under G.L. c. 149, § 148, Amandeep Kaur DDS, P.C. and Dr. Kaur had an obligation to pay Dr. Barnia his earned wages that were definitely determined and due and payable to him.

53. Amandeep Kaur DDS, P.C. and Dr. Kaur violated G.L. c. 149 § 148 by failing to pay Dr. Barnia his earned wages, which were definitely determined, due and payable.

## COUNT IV
### Fraud
**(Dr. Barnia v. Dr. Kaur)**

54. Plaintiffs incorporate by reference the allegations set forth above as if fully set forth herein.

55. As set forth above, Dr. Kaur made a series of representations designed and intended to induce Dr. Barnia to uproot his Texas dental practice and move to Massachusetts and develop, launch, establish and operate two highly successful dental practices. At their core, these representations committed to paying Dr. Barnia an annual management bonus equal to 50% of the profits of the Webster and Palmer dental practices.

56. When pressed about practice profits, Dr. Kaur would report to Dr. Barnia that the practices were not yet profitable.

57. Dr. Kaur's representations were false and/or made with a reckless disregard for their truth or falsity.

58. Dr. Barnia reasonably relied to his detriment on these false representations.

59. As a result of Dr. Kaur's fraud, Dr. Barnia has suffered, and continues to suffer damages.

## COUNT V
## Accounting
### (Dr. Barnia v. Amandeep Kaur DDS, P.C.)

60. Plaintiffs incorporate by reference the allegations set forth above as if fully set forth herein.

61. Despite demand, Dr. Barnia has been provided with no financial records from Amandeep Kaur DDS, P.C. which would permit him to calculate the annual management bonus equal to 50% of the profits of the Webster and Palmer dental practices.

62. As a result, Dr. Barnia is entitled to a judicial accounting through which sums due and owing to him may be properly calculated and awarded.

## COUNT VI
## Defamation
### (Dr. Barnia v. Dr. Kaur and Dr. Singh)

63. Plaintiffs incorporate by reference the allegations set forth above as if fully set forth herein.

64. As set forth above, Dr. Kaur and Dr. Singh have published a series of false statements to third parties of and concerning Dr. Barnia.

65. These false statements include, but are not limited to, that Dr. Barnia had been "fired," that Dr. Barnia had engaged in fraud, including through forging Dr. Kaur's signature and that Dr. Barnia had engaged in insurance fraud.

66. Dr. Kaur and Dr. Singh's false statements of fact have been published to employees of the Palmer and Webster dental practice, insurance companies, vendors and other third parties.

67. Dr. Kaur and Dr. Singh's statements were knowingly false when made, made with reckless disregard for the truth and/or negligently made.

68. Dr. Kaur and Dr. Singh's false statements of fact published of and concerning Dr. Barnia have caused and continue to cause Dr. Barnia damage, including emotional distress damages.

## COUNT VII
### Intentional Infliction of Emotional Distress
### (Dr. Barnia v. Dr. Kaur and Dr. Singh)

69. Plaintiffs incorporate by reference the allegations set forth above as if fully set forth herein.

70. By and through the acts set forth above, Dr. Kaur and Dr. Singh have engaged in conduct designed and intended to inflict emotional distress upon Dr. Barnia.

71. This conduct includes, but is not limited to (i) attempting to extort him, (ii) threatening him with deportation if he did not accede to their demands, (iii) publishing false and defamatory statements about him to the dental industry in an attempt to ruin his career, (iv) sending strangers to his place of work in an attempt to threaten him, (v) filing false police reports against him and (vi) falsely accusing him of criminal misconduct to third parties.

72. Dr. Kaur and Dr. Singh's actions were intended to inflict emotional distress upon Dr. Barnia.

73. Dr. Kaur and Dr. Singh knew or should have known that emotional distress was likely to result from their conduct.

74. Dr. Kaur and Dr. Singh's actions described above were extreme, outrageous and beyond the scope of common decency and were intended to cause Dr. Barnia severe emotional distress.

75. As a result of Dr. Kaur and Dr. Singh's conduct, Dr. Barnia has suffered severe damages for conduct which no reasonable person or persons should be expected to tolerate.

76. Dr. Kaur and Dr. Singh are responsible for these damages.

## COUNT VIII
### Specific Performance
### (AAA Dental PC v. Amandeep Kaur DDS, P.C.)

77. Plaintiffs incorporate by reference the allegations set forth above as if fully set forth herein.

78. AAA Dental PC and Amandeep Kaur DDS, P.C. reached an agreement through which AAA Dental PC would purchase Webster Smiles and Palmer Dental's assets from Amandeep Kaur DDS, P.C. for the sum of $700,000.

79. Both AAA Dental PC and Amandeep Kaur DDS, P.C. partially performed pursuant to this agreement.

80. Despite reaching agreement and partially performing, Amandeep Kaur DDS, P.C. has refused to finalize the transaction.

81. The assets of Webster Smiles and Palmer Dental's assets are unique and valuable.

82. As a result, Amandeep Kaur DDS, P.C. should be ordered to specially perform pursuant to the parties' agreement and convey Webster Smiles and Palmer Dental's assets for the sum of $700,000.

## COUNT IX
### Breach of Contract
### (AAA Dental PC v. Amandeep Kaur DDS, P.C.)

83. Plaintiffs incorporate by reference the allegations set forth above as if fully set forth herein.

84. AAA Dental PC and Amandeep Kaur DDS, P.C. reached an agreement through which AAA Dental PC would purchase Webster Smiles and Palmer Dental's assets from Amandeep Kaur DDS, P.C. for the sum of $700,000.

85. Both AAA Dental PC and Amandeep Kaur DDS, P.C. partially performed pursuant to this agreement.

86. Despite reaching agreement and partially performing, Amandeep Kaur DDS, P.C. has breached the parties' agreement and refused to finalize the transaction.

87. As a result of Amandeep Kaur DDS, P.C.'s breach, AAA Dental PC has suffered damages.

## COUNT X
### Violation of Chapter 93A
### (All Plaintiffs v. All Defendants)

88. Plaintiffs incorporate by reference the allegations set forth above as if fully set forth herein.

89. The Defendants' acts and omissions as set forth above (exclusive of the allegations giving rise to Dr. Barnia's employment-based claims) above constitute unfair and/or deceptive acts or practices violative of M.G.L. c. 93A, §§ 2 and 11.

90. The Defendants' actions were undertaken in trade or commerce and occurred primarily and substantially in Massachusetts.

91. The Defendants' unfair and/or deceptive acts and practices constitute knowing, willful, and bad faith violations of M.G.L. c. 93A §§ 2 and 11.

92. As a result of the acts and practices described above, each of which was committed knowingly and willfully, Plaintiffs have sustained damages and will continue to sustain damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs Shasha Barnia, DDS and AAA Dental PC respectfully request that the Court grant then the following relief:

i. Enter judgment in favor of Plaintiffs and against Defendant on each of the Counts asserted herein, and award them all damages allowed by law;

ii. Order an accounting of the revenues and profits of Webster Smiles and Palmer Dental so Dr. Barnia can recover amounts due and payable to him per his annual management bonus;

iii. Award treble damages and attorneys fees to Dr. Barnia in accordance with the Massachusetts Wage Act;

iv. Enter an order requiring Amandeep Kaur DDS, P.C. to convey the assets of Webster Smiles and Palmer Dental to AAA Dental PC for the sum of $700,000;

v. Award treble damages and attorneys' fees pursuant to M.G.L. c. 93A; and

vi. Enter such other relief as the Court deems reasonable, appropriate and necessary.

## JURY DEMAND

SHASHI BARNIA AND AAA DENTAL PC. DEMAND A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

Respectfully submitted,

SHASHI BARNIA AND AAA DENTAL PC

By Their Attorneys:

David H. Rich (BBO # 634275)
drich@toddweld.com
Todd & Weld LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626

DATED: January 10, 2021

17